# BERWIND-WHITE COAL MINING COMPANY, Complainant,

*v.*

# BORINQUEN SUGAR COMPANY, Dft.

---

San Juan, Equity, No. 897,

RE CONFIRMATION OF MASTER'S REPORT.

Master's Report—Exceptions.

    1. Where the minute entry speaks generally of an exception to a report, but in point of fact the record does not disclose any exception taken, the submission will be held as taken from the record.

Master's Report—Equity Rule 66.

    2. The new Equity Rule No. 66 seems to declare a master's report not excepted to stands confirmed *ipso facto*. There is no error, however, in entering an order of confirmation, as this makes everything appear of record.

Confirmation—Payment.

    3. The confirmation of master's report as to a claim does not mean

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

that it is to be paid at once. Although confirmed, it stands over as in the case of other claims.

Master's Report—Not *Stare Decisis.*

4. The fact that a master has reported a claim upon a certain theory of law does not make that theory binding upon the court, if the report is not excepted to and the matter is not argued. It is binding for the purposes of that claim, but is only persuasive as to other claims.

Opinion filed October 5, 1914.

_____

*Mr. F. H. Dexter* for report.

*Mr. J. R. Savage contra.*

HAMILTON, Judge, delivered the following opinion:

On July 9, 1913, the Sucesores de José María Ortiz petitioned this court for an order directing the receiver in this case to reimburse them to the value of certain sugar cane alleged to have been diverted by the Borinquen Sugar Company to its own use, amounting to $9,563.47. This claim in the usual course was referred to the standing master, and on October 14, 1913, he reported in favor of the claim, stating it at $8,974.60, and recommending "that this full sum be considered a preference debt, and that it be ordered paid subject to priorities ranking it." This report was not excepted to, and was confirmed February 9, 1914, at the same term. The master having left open the rank of the claim, this and other matters were referred to special Master Mott to determine and to report the relative priorities of such claims. On July 1, 1914,

VII. Porto Rico—16.

the special master filed a report recommending that the Ortiz claim be paid next after taxes and expenses of receivership. The receiver on July 13, 1914, filed exception to certain parts of the report of Special Master Mott, but the exception does not cover, directly or indirectly, the Ortiz claim. On July 16 and July 18, 1914, were further exceptions, or motions in the nature of exceptions, by Marr and others, but they do not apply to the Ortiz claim.

On the 23d of July, 1914, the cause was argued, and the minute entry states that it covered "the exceptions of the receiver to the finding of Special Master Mott allowing a preference and priority to the claim of Sucesores de José María Ortiz, and being argued by counsel the same is taken under advisement."

1. The record, therefore, is not consistent. There was in point of fact no exception by anyone to Special Master Mott's report so far as relates to the claim of Ortiz. While, on the other hand, the minute entry says that the matter was submitted upon the receiver's exception on this point. The court adjourned for the term on July 23, 1914, but with the matter under advisement. This does not present the case of collateral construction of the record after the adjournment of the court, because so far as relates to this matter the term was, so to speak, not adjourned. The minute entry does not purport to show any new exception, and in point of fact the court could not, under ordinary circumstances, have permitted any exception to a report which had already lain over twenty days. The submission must be taken as upon the actual record, and the actual record shows that there was no exception which covered the Ortiz claim.

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

2. Equity Rule No. 66 provides: "The master, as soon as his report is ready, shall return the same into the clerk's office and the day of the return shall be entered by the clerk in the equity docket. The parties shall have twenty days from the time of the filing of the report to file exceptions thereto, and if no exceptions are within that period filed by either party, the report shall stand confirmed. If exceptions are filed, they shall stand for hearing before the court, if then in session, or, if not, at the next sitting held thereafter, by adjournment or otherwise."

It would seem under the wording of this rule as if the report stands confirmed *ipso facto* in the absence of exceptions. The practice in this court has been, however, to enter an order of confirmation, and there can be no objection to this procedure. It has the advantage of making everything appear of record. It is not necessary at this time to decide whether such an order is required or not.

3. The matter having been taken under advisement and this being the regular equity rule day, the court now holds that there is no exception on file to the report of Special Master Mott so far as relates to the claim of Ortiz, and that, more than twenty days having elapsed, this report, so far as relates to said claim, should be confirmed, and an order will be entered accordingly.

The motion of Ortiz that the receiver be directed to pay the claim to him will not be granted. This claim will, as to the matter of payment, conform to the procedure and payment of other claims, and will no doubt receive attention in due course.

4. It was said upon the argument that this claim is of the same nature as one denied in another case. The court will not go into a consideration of that matter. There being no excep-

tion, the facts are not before the court, and it is unable to determine whether the principle involved is the same or not. Suffice it that this claim and its preference have been allowed by operation of law, there being no proper exception. The claim is *res judicata* for the purposes of this case. This does not mean, however, that its principle would necessarily control the court in other cases. While the decision of the master would be always very persuasive, when there is no exception and the matter is not argued before the court, the principle upon which the master proceeded is not necessarily to be taken as binding the court in another case. In other words, the opinion of the court in a case controls the master in other matters, but the opinion of the master, unless brought up for revision in some way, does not control the court in other matters. It does not come under the principle of *res judicata* or *stare decisis,* but is more analogous to the decision of a lower court from which no appeal has been taken.

This is not to be considered as in any way indicating a difference from the conclusions of the master in this particular case. It is merely deciding that the question is not before the court on the merits; it is decided upon the record.